UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Criminal Case No. 15-20302
                                                       Honorable Linda V. Parker

v.

ELSTON WRIGHT

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS [ECF NO. 47]

This matter comes before the Court on Defendant Elston Wright's ("Defendant") motion to suppress and for evidentiary hearing. (ECF No. 17.) Defendant seeks to suppress evidence deriving from the traffic stop of Defendant on March 14, 2015. (Def.'s Mot., ECF No. 17). The government filed a response in opposition to the motion. (Pl.'s Resp. Br., ECF No. 19.) On February 3, 2016, an evidentiary hearing was held. Supplemental briefs were submitted by the parties thereafter. (ECF Nos. 23, 24.)  For reasons provided below, Defendant's motion to suppress is **DENIED**.

### I.    Factual Background

On May 20, 2015, Defendant was indicted and charged with "18 U.S.C. § 922(g)(1) – Possession of a Firearm by a Felon." (Indictment, ECF No. 1.) Officer

1

Michael O'Donnell asserted the following reasons for the stop: (1) defective equipment – inoperable license plate light, in violation of MCL § 257.686(2); (2) improper right turn in violation of MCL § 257.647(1)(a); and (3) improper lane use – traveling in the left passing lane when no other vehicles were present on the roadway, in violation of MCL § 257.642(b). (Police Report, ECF No. 17 at Pg. ID 53.) Thereafter, when Defendant was asked for his license, Defendant admitted to not having one, and alternatively provided a Michigan ID card. (*Id.* at Pg. ID 52.) The police report alleges thereafter that Officer O'Donnell asked Defendant if he had anything illegal in the vehicle and if he could search the vehicle. (*Id.*) Defendant told Officer O'Donnell that there was nothing illegal in the vehicle and he consented to a vehicle search. (*Id.*) Officer O'Donnell thereafter conducted a "consent/inventory search" of the suspect vehicle and found a stolen loaded gun in the glove compartment of the vehicle. (*Id.*) In the police report, Officer O'Donnell asserts that he interviewed Defendant in his patrol car and that Defendant confessed to possession of the handgun. (*Id.* at Pg. ID 54.)

## II.   Applicable Law

The Fourth Amendment prohibits unreasonable searches and seizures by the Government, and an ordinary traffic stop is a "seizure" within the meaning of the Fourth Amendment. *United States v. Jackson*, 682 F.3d 448, 453 (6th Cir. 2012). Further, a police officer may lawfully stop a car when he or she either has probable

cause to believe that a civil traffic violation has occurred or reasonable suspicion of an ongoing crime. *Id.* (citing *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008) (further citations omitted)).

### III. Analysis

Defendant disputes each of the three proffered reasons for the stop laid out in the police report. (Def.'s Mot. ECF No. 17 at Pg. ID 49.) Subsequent to the hearing both parties submitted supplemental briefing. The government states in its supplemental brief – while not abandoning the officer's grounds for the stop based on an improper turn into the left passing lane, and improper lane use by traveling in the left lane – that it "focuses solely on the single aspect for this stop – the non-functioning license plate light and the lack of observation of the license plate light until after the initiation of the stop of [Defendant's] car." Similarly, Defendant solely addresses the non-functioning license plate light issue as well. This Court will solely address Defendant's purported violation of Vehicle Code MCL § 257.686(2), as it is dispositive.

Officer O'Donnell's testimony at the hearing revealed that Defendant was driving in Flint, MI, at approximately 6:30 a.m. on March 14, 2015. (Hr'g Tr. on Pg. 16–17.) Officer O'Donnell testified that he saw that the license plate of Defendant's vehicle was not properly illuminated as required by MCL § 257.686(2). O'Donnell initiated a traffic stop thereafter. (*Id.*)

3

Officer O'Donnell's testimony – as well as the recording played at the suppression hearing – demonstrated that Defendant's license plate light was out. Defendant does not dispute the fact that Officer O'Donnell observed that the license plate light was out. Rather, the essential issue before the Court is whether Defendant's operation of a vehicle, with an inoperative license plate light, constitutes a violation of MCL § 257.686(2) when there was a legitimate temporary paper license plate in the rear window. (Def.'s Mot., ECF No. 17 at Pg. ID 49 ; Def.'s Post Hr'g Br., ECF No.24 at Pg. ID 84.) The parties have provided no case law interpreting the relevant portion of the statute.

With respect to statutory interpretation, the Sixth Circuit holds the following:

> "It is well settled that 'the starting point for interpreting a statute is the language of the statute itself.' " *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.,* 484 U.S. 49, 56, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980)). "[W]hen the statutory language is plain, [the court] must enforce it according to its terms." *940 *Jimenez v. Quarterman,* 555 U.S. 113, 118, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). Departure from the plain language of a statute is disfavored and "appropriate only in rare cases in which the literal application of the statute will produce a result demonstrably at odds with the intentions of its drafter or when the statutory language is ambiguous." *Hoge v. Honda of Am. Mfg., Inc.,* 384 F.3d 238, 246 (6th Cir.2004) (quotations and alterations omitted). Courts should " 'resist reading words or elements into a statute that do not appear on its face.' " *Id.* (quoting *Bates v. United States,* 522 U.S. 23, 29, 118 S.Ct. 285, 139 L.Ed.2d 215 (1997)). We have acknowledged "[i]t is not the Court's role to address

4

perceived inadequacies in a statute." *Id.* (quotations and citations omitted).

*Cty. of Oakland v. Fed. Hous. Fin. Agency*, 716 F.3d 935, 939–40 (6th Cir. 2013)

MCL § 257.782(2), the statute that formed the basis for the traffic stop in this case, MCL § 257.686(2), states in relevant part:

> Either a tail lamp or a separate lamp shall be constructed and placed so as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of 50 feet to the rear. A tail lamp or tail lamps, together with any separate lamp for illuminating the rear registration plate, shall be wired so as to be lighted whenever the head lamps or auxiliary driving lamps are lighted.

MCL 257.686(2).

The Michigan Court of Appeals recently interpreted this statute in *People v. Dennis*, No. 321852, 2015 WL 7283173, at *1 (Mich. Ct. App. Nov. 17, 2015). In *Dennis*, the officer saw that the license plate on the defendant's vehicle was not properly illuminated as required by MCL.257.686(2). *Id.* at *2. The court held that "MCL 257.686(2) provides a legal justification for a traffic stop when a vehicle does not have an illuminated license plate." *See id.* at *3.

Defendant provides no Michigan case law in support of his assertion that a non-functioning license plate light does not provide a legal justification for a stop so long as there is a valid temporary license plate in the rear window. The statute clearly indicates that the lamp illuminating the rear registration plate "shall be wired as to be lighted." (*Id.*) The statutory language is not vague, nor does it

5

suggest or imply that the illumination requirement is optional when there is a license plate located elsewhere on the vehicle. The statute solely requires functionality.

Moreover having reviewed the legislative history of the statute, the legislative history does not indicate that it was the Legislature's intent to require a functioning light only when a temporary license plate was not present. Accordingly, since Defendant's license plate light did not function, as required under the statute, Officer O'Donnell's observation of Defendant's nonfunctioning license plate light was probable cause for the stop.

Accordingly, Defendant's suppression motion is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 18, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 18, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager

6